FILED

2014 May-21  AM 11:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **MARGARET COLLIER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **3:12-1825-AKK** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social** | ) | |
| **Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff Margaret Collier ("Collier") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA").  This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence.  Therefore, for the reasons elaborated herein, the Court will affirm the decision denying benefits.

## I.  Procedural History

Collier filed an application for Disability Insurance Benefits on August 18, 2009, alleging a disability onset date of August 8, 2007, due to high blood

pressure, diabetes, shortness of breath, numbness in her feet, heart problems, and arthritis in her hip. (R. 12, 170). After the SSA denied Collier's claim, she requested a hearing before an ALJ. (R. 88). The ALJ subsequently denied Collier's claim, (R.12-19), which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1-6). Collier then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *See* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id.* (citing *Bloodsworth v. Heckler*, 703

F.2d 1233, 1239 (11th Cir. 1983)).  Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance."  *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.  20 C.F.R. § 404.1520(a)-(f).  Specifically, the Commissioner must determine in sequence:

(1)     whether the claimant is currently unemployed;

(2)     whether the claimant has a severe impairment;

(3)     whether the impairment meets or equals one listed by the Secretary;

(4)     whether the claimant is unable to perform his or her past work; and

(5)     whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must meet additional criteria.  In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of

pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th

Cir. 1991). Specifically,

> The pain standard requires (1) evidence of an underlying medical
> condition and either (2) objective medical evidence that confirms the
> severity of the alleged pain arising from that condition or (3) that the
> objectively determined medical condition is of such a severity that it
> can be reasonably expected to give rise to the alleged pain.[1]

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective
> medical evidence of a condition that could reasonably be expected to
> cause the pain alleged, *neither requires objective proof of the pain
> itself*. Thus under both the regulations and the first (objectively
> identifiable condition) and third (reasonably expected to cause pain
> alleged) parts of the *Hand* standard *a claimant who can show that his
> condition could reasonably be expected to give rise to the pain he
> alleges has established a claim of disability and is not required to
> produce additional, objective proof of the pain itself*. *See* 20 CFR §§
> 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th
> Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical

information omitted) (emphasis added). Moreover, "[a] claimant's subjective

testimony supported by medical evidence that satisfies the pain standard is itself

sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if

a claimant testifies to disabling pain and satisfies the three part pain standard, the

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*,
761 F.2d 1545, 1548 (11th Cir. 1985).

ALJ must find a disability unless the ALJ properly discredits the claimant's

testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the

ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate
> reasons for refusing to credit a claimant's subjective pain testimony,
> then the [ALJ], as a matter of law, has accepted that testimony as true.
> Implicit in this rule is the requirement that such articulation of
> reasons by the [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012.  Therefore, if the ALJ either fails to articulate reasons for

refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not

supported by substantial evidence, the court must accept as true the pain testimony

of the plaintiff and render a finding of disability.  *Id.*

## IV.  The ALJ's Decision

In performing the five step analysis, the ALJ initially determined that

Collier met the insured status requirements of the Act through December 31, 2009.

(R. 14).  Moving to the first step, the ALJ found that Collier had not engaged in

substantial gainful activity since August 8, 2007, and, therefore, met Step One.

(R. 14).  Next, the ALJ found that Collier satisfied Step Two because she suffered

from the severe impairments of "morbid obesity; tobacco abuse; DM with

neuropathy, and chronic obstructive pulmonary disease (COPD) due to tobacco

abuse." *Id*.  The ALJ then proceeded to the next step and found that Collier failed

to satisfy Step Three because prior to her date last insured (DLI) she "did not have

an impairment or combination of impairments that met or medically equaled one

of the listed impairments."  (R. 15).  Although the ALJ answered Step Three in the

negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ

proceeded to Step Four where she determined that through Collier's DLI she

> had the residual functional capacity to perform light work as defined
> in 20 CFR 404.1567(b) except occasionally perform postural
> maneuvers such as climbing, balancing, stooping, kneeling, crouch,
> and crawling; avoid concentrated exposure to fumes, gasses, odors,
> dust, environments with poor ventilation, extreme humidity,
> hazardous machinery, unprotected heights, and large bodies of water;
> frequently perform fine fingering and gross handling with the upper
> extremities.

(R. 27).  As of her DLI, Collier was 53 years old, (R. 136), and had past relevant

work that included light semi-skilled work as a pharmacy technician.  (R. 50).  In

light of Collier's RFC, the ALJ held that through her DLI she was "capable of

performing past relevant work as a pharmacy technician."  (R. 18).  Therefore, the

ALJ found that Collier "has not been under a disability, as defined in the Social

Security Act,  at any time from August 8, 2007, the alleged onset date, through

December 31, 2009, the date last insured."  (R. 19).

# V.  Analysis

The court now turns to Collier's contentions that the ALJ (1) did not properly assess her impairments in combination; (2) erred in assessing her credibility; and (3) improperly relied on testimony from a vocational expert.  *See* doc. 11 at 8-14.  The court addresses each contention in turn.

A.  <u>The ALJ properly considered Collier's impairments in combination.</u>

Collier contends that there is no indication the ALJ considered her multiple impairments in combination.  When a claimant has several impairments, the Commissioner "has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled." *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991).  In the present case, a review of the ALJ's decision shows that she was aware of her obligation to consider Collier's impairments in combination and did so in considering the evidence.  Consistent with this obligation, the ALJ found that "[t]hrough the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments."  (R. 18).  This finding alone is sufficient to establish that the ALJ considered the impairments in combination.  *See Jones*, 941 F.2d at 1533 (ALJ's finding that the claimant "does not have 'an impairment *or combination of*

8

*impairments* listed in, or medically equal to one [in the Listings]'" was sufficient evidence to show the ALJ had considered the combined effect of the impairments) (emphasis in original).

Indeed, the ALJ recognized that at Step Two she was required to consider whether Collier "has . . . a combination of impairments that is 'severe.'" (R. 13)  In making that determination, the ALJ discussed Collier's nonsevere impairments of hypertension, heart disease, and sleep apnea, and gave reasons why she found they did not result in significant symptoms and limitations.  (R. 15).  The ALJ observed that office notes showed Collier's "hypertension is well controlled on medication," and that her treating doctor noted her coronary artery disease was asymptomatic. *Id*.  She also found the medical records showed Collier was not experiencing significant symptoms from her sleep apnea.  *Id.*  Even though she found these impairments were nonsevere, the ALJ recognized that in assessing Collier's RFC she "must consider all of [Collier's] impairments, including impairments that are 'not severe.'"  *Id.*

Moreover, in assessing Collier's RFC, the ALJ extensively discussed all of Collier's "severe" impairments and their impact on her ability to work.  She observed that even though Collier was diagnosed with COPD, she only occasionally complained of shortness of breath.  (R. 17).  She also noted the

9

treatment notes consistently show clear lungs and no edema of the extremities.  *Id.*
Concerning Collier's neuropathy, the ALJ found the record "does not show
significant and ongoing numbness and swelling," but "only some periodic
complaints."  *Id.*

Finally, the ALJ recognized also that Social Security Ruling (SSR) 02-1p
provides that the combined effects of obesity with other impairments may be
greater than might be expected without obesity.  (R. 18).  However, the ALJ found
that Collier's "impairments, including obesity, do not restrict her ability to perform
routine movement and necessary physical activity within a light exertional work
environment."  *Id.*  This discussion shows that, unlike the ALJ in *Walker v.
Bowen*,[2] the ALJ properly considered Collier's impairments in combination when
considering her obesity.  Consequently, Collier's contention that the ALJ did not
properly consider Collier's impairments in combination is unavailing.

---

[2] In *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987), the ALJ did not mention
many of the claimant's impairments.  As a result, the court found that the ALJ did not
consider the combination of claimant's impairments when he made specific reference to
only two impairments and failed to mention five other impairments except to find they
did not establish disabling pain.  826 F.2d at 1001.  In contrast, the case before the court
is similar to *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987), where the court
found that the ALJ considered the claimant's combined impairments because of his
lengthy consideration of those conditions and his well articulated findings as to their
effect on the claimant.

B.  <u>The ALJ properly considered Collier's credibility.</u>

Collier contends next that the ALJ did not find her statements about the limiting effects of her symptoms credible "[f]or an unstated and unsubstantiated reason." Doc. 11 at 9.  The ALJ found Collier's "medically determinable impairments could reasonably be expected to cause [her] alleged symptoms." (R. 16).  Therefore, she met the requirements of the pain standard set out above. However, the ALJ found Collier's allegations were not fully credible.  (R. 17).

Significantly, contrary to Collier's assertion, the ALJ articulated numerous reasons to support her credibility finding.  For example, the ALJ noted that although Collier has "received treatment for her allegedly disabling symptoms, the record reveals that treatment has been essentially routine and conservative in nature and has generally been successful in controlling her symptoms." (R. 17). She also observed that there were "significant gaps in treatment" by Dr. Patricia Auxier, Collier's primary care physician.  *Id.*  The ALJ found the absence of visits to Dr. Auxier in 2008 "strongly suggests the claimant's impairments were not especially troublesome during that time."  *Id.*  The ALJ properly considered the conservative nature, effectiveness, and frequency of Collier's treatment in making his credibility determination.  *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th. Cir. 2005) (finding the ALJ properly considered gaps in treatment in assessing

11

credibility); *Falcon v. Heckler*, 732 F.2d 827, 832 (11th Cir. 1984) (finding the ALJ properly considered the claimant's conservative treatment in assessing credibility).

As required by the Eleventh Circuit pain standard, the ALJ articulated specific reasons for discounting Collier's testimony of disabling symptoms. Those reasons are supported by substantial evidence. Because this court does not reweigh the evidence, there is no reversible error in the ALJ's credibility finding.

C.   The ALJ properly relied on the testimony of a vocational expert to
       determine Collier was able to perform past relevant work.

As her final contention of error, Collier alleges the ALJ improperly considered the testimony of the vocational expert (VE). Doc. 11 at 10-12. Collier takes issue with the VE's testimony in response to a hypothetical question that described a claimant restricted to two hours standing and walking in an eight-hour workday. *Id.* at 10. Specifically, she argues that in answering that hypothetical question, the VE identified jobs that would require more than two hours of standing and walking. *Id*. Collier's contentions overlook that the ALJ relied only on the pertinent parts of the VE's testimony. As such, Collier has failed to establish that the ALJ committed reversible error.

"[F]or a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's

12

impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir.2002).

However, an ALJ is "not required to include findings in the hypothetical that the

ALJ had properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec.*, 363

F.3d 1155, 1161 (11th Cir. 2004); *see also McSwain v. Bowen*, 814 F.2d 617, 620

(11th Cir. 1987) (observing the ALJ did not err in failing to include in his

hypothetical restrictions from conditions that were substantially controlled by

medication).  This is precisely the case here because the ALJ did not rely on the

VE's answer to the hypothetical question referenced by Collier.  She relied instead

on the VE's answer to a hypothetical question that properly reflected Collier's

RFC, which included the ability to perform light work.  (R. 16, 52-53).  In that

answer, the VE testified that Collier would be able to perform her past relevant

work as a pharmacy technician.  R. 53.  This testimony is consistent with the

ALJ's finding that Collier can perform light work, which the regulations define as

follows:  "Light work involves lifting no more than 20 pounds at a time with

frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R.

§ 404.1567(b).  Social Security Ruling 83-10 provides that

> "Frequent" means occurring from one-third to two-thirds of the time.  Since
> frequent lifting or carrying requires being on one's feet up to two-thirds of a
> workday, the full range of light work requires standing or walking, off and
> on, for a total of approximately 6 hours of an 8-hour workday.

SSR 83-10, 1983 WL 31251, at *5 (SSA).  Therefore, contrary to collier's

contention, the ALJ's RFC did not restrict Collier to standing or walking two

hours in and eight-hour workday.

Based on the court's review of the record, the ALJ properly rejected

Collier's subjective allegations, and Collier has not shown that she was more

limited than the ALJ found in her RFC assessment.  The ALJ properly relied on

the VE's testimony in response to a hypothetical question that properly reflected

Collier's RFC.  Therefore, the VE's testimony in response to the hypothetical

question limiting Collier to two hours standing and walking in an eight-hour day

was irrelevant, and Collier's argument is without merit.

## VI.  Conclusion

Based on the foregoing, the court concludes that the ALJ's determination

that Collier is not disabled is supported by substantial evidence, and that the ALJ

applied proper legal standards in reaching this determination.  Therefore, the

Commissioner's final decision is **AFFIRMED**.  A separate order in accordance

with the memorandum of decision will be entered.

Done this 21st day of May, 2014.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE